Chiharu Sekino, CSB # 306589
Email: cgsekino@millershah.com
MILLER SHAH
456 Montgomery Street, Suite 1900
San Francisco, California 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

*[Additional Counsel Appear on Signature Page]*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JARED FERGUSON,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>COINBASE, INC.,<br><br>　　　　　　*Defendant*. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Jared Ferguson, Plaintiff herein, by his attorneys, alleges and complains of Defendant Coinbase, Inc. as follows:

**PRELIMINARY STATEMENT**

1.　　Jared Ferguson ("Plaintiff or "Mr. Ferguson") is a victim of identity theft.

2.　　The perpetrator, who is unknown to Plaintiff, unlawfully transferred approximately $96,000 out of his Coinbase account (the "Account").

3.　　Plaintiff immediately and repeatedly disputed the charges with Coinbase, Inc. ("Defendant" or "Coinbase").

COMPLAINT - 1

4. Despite its obligation under federal and state laws to promptly credit Plaintiff's account in full, Coinbase has refused to credit Plaintiff's account for the unauthorized transactions in the Account (the "Stolen Funds").

5. Plaintiff brings claims against Coinbase for violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"); Article 4A of the California Uniform Commercial Code ("UCC"); California Business & Professions Code § 17200, et seq.; and Conversion.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

7. This Court also has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and an amount in controversy greater than $75,000.

8. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

10. Venue is proper in this District because Defendant resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

## PARTIES

11. Plaintiff is a natural person and citizen of New York residing in Staten Island, New York.

12. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6). His account with Coinbase was used for personal, family, or household purposes.

COMPLAINT - 2

1    13.    Coinbase, Inc. is "financial institution" formed under the laws of the United States
2  and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA,
3  15 U.S.C. § 1693a(9).

4    14.    Coinbase's headquarters and principal place of business are located in San
5  Francisco, California.

6                                                    **FACTS**

7    15.    Plaintiff created his Account with Coinbase in or about October 2017 via his
8  mobile device.

9    16.    Plaintiff accessed his Account exclusively through his mobile device from time of
10 opening until after the fraud described herein.

11   17.    At the time Plaintiff opened his account and at all relevant times thereafter, his
12 mobile device was an Apple iPhone.

13   18.    On May 9, 2022, at 1:45 a.m., Plaintiff's mobile phone received a text from his
14 mobile carrier, T-Mobile, which stated that a SIM card change had been requested.

15   19.    Plaintiff did not request this SIM card change and did not approve this SIM card
16 change request.

17   20.    When Plaintiff woke up the morning of May 9, 2022, his mobile phone had no
18 service, so he went to a friend's house to use a phone to call T-Mobile for technical support.

19   21.    T-Mobile informed Plaintiff that he needed to obtain a new SIM card, which he
20 could get through a T-Mobile.

21   22.    The next day, on May 10, 2022, Plaintiff went to a T-Mobile store where he was
22 provided with a SIM card for his iPhone.

23
24

COMPLAINT - 3

23. That same day, after restoring service to his iPhone, Plaintiff checked his Coinbase account and discovered that thieves had transferred approximately $96,000 from his Coinbase wallet, 90% of his life savings.

24. Plaintiff immediately contacted Coinbase telephone support about the identity theft and unauthorized transfers.

25. Defendant requested information about the security of his devices, the last authorized transaction, and a list of unauthorized transactions, which Plaintiff timely provided upon request.

26. On May 17, 2022, Plaintiff filed a report with the police concerning the unauthorized transfers.

27. On May 25, 2022, Defendant denied Plaintiff's dispute of the unauthorized transactions money, stating that "Customers … are responsible for any activity that occurs when those devices or passwords are compromised."

28. Coinbase's email disclaimed any responsibility for the hacking of its customers' accounts, stating: "Please note you are solely responsible for the security of your e-mail, your passwords, your 2FA codes, and your devices."

## FIRST CLAIM FOR RELIEF

**(Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*.)**

29. Plaintiff realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

30. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Coinbase bears the responsibility for unauthorized withdrawals. *See* 1693g, *et seq*.

31. In addition, once Plaintiff notified Coinbase that his phone had been compromised, Coinbase had an obligation to cancel the transfers and freeze the Account to prevent further unauthorized charges.

32. Coinbase failed to reimburse Plaintiff for the unauthorized transfers.

33. Moreover, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

34. This burden of proof cannot be and was not plausibly met with regard to the contested transactions, and Defendant could not have plausibly concluded that the transfers were authorized.

35. Coinbase sent an email on May 25, 2022 to Plaintiff, in which Coinbase denied Plaintiff's dispute, but failed to notify Plaintiff of his right to receive all supporting documentation relied upon by Defendant to reach its decision, as required under the EFTA.

36. Coinbase violated the EFTA § 1693f(d) by issuing written dispute denials that do not inform consumers of their rights to the documentation upon which Coinbase relied to reach its decision.

37. Coinbase's acts and omissions set forth above violate the EFTA.

38. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of actual damages, statutory damages, attorney's fees and costs.

39. Coinbase did not have a reasonable basis for believing the account was not in error. *See* EFTA § 1693f.

COMPLAINT - 5

40. Coinbase willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Coinbase at the time of the investigation.

41. In light of the foregoing, and in addition to all other relief sought herein, Plaintiff is also entitled to recover treble damages under Section 1693f(e).

## SECOND CLAIM FOR RELIEF

### (California UCC Article 4A)

42. Plaintiff realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

43. Pursuant to UCC § 4-A-202(1), "[a] payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency."

44. UCC § 4-A-202(2) further provides:

> If a bank and its customer have agreed that the authenticity of payment orders issued to the bank in the name of the customer as sender will be verified pursuant to a security procedure, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, if
>
> (a) the security procedure is a commercially reasonable method of providing security against unauthorized payment orders, and
>
> (b) the bank proves that it accepted the payment order in good faith and in compliance with the security procedure and any written agreement or instruction of the customer restricting acceptance of payment orders issued in the name of the customer.

45. Coinbase failed to establish and/or follow a commercially reasonable security procedure with regard to Plaintiff's Account.

COMPLAINT - 6

46.     Specifically, Coinbase's security procedure fails to flag and hold obviously fraudulent and unauthorized transactions such as the ones at issue here.

47.     The unauthorized transactions on Plaintiff's Account bore a series of characteristics that, when taken together, render the transactions suspect, and likely to be fraudulent.

48.     For example, and without limitation, the transactions:

  a. were entirely out of character with Plaintiff's history of account usage;
  b. drained the Account balance;
  c. occurred within less than 8 hours;
  d. occurred on a new device not previously associated with the Account;
  e. occurred via a new IP address not previously associated with the Account;
  f. occurred immediately after the password on the account was reset; and
  g. occurred without facial recognition, which had previously been activated continuously on Plaintiff's Account.

49.     Any commercially reasonable policy would have assessed this combination of troubling factors, flagged the transactions as suspect, and held or rejected the transactions as likely to be fraudulent.

50.     Indeed, Coinbase acknowledged the suspicious and unauthorized nature of these transactions based on this same information – all of which was available to it at the time of the transactions – but only after it processed the transfers.

51.     Coinbase also did not process the transfers in good faith. Specifically, Coinbase's willful blindness to the many badges of fraud present here constituted bad faith acceptance of the unauthorized payment orders.

COMPLAINT - 7

52. In sum, Coinbase violated UCC § 4-A-202 by accepting unauthorized payment orders in connection with Plaintiff's Coinbase account, failing to establish and/or follow commercially reasonable security procedures, and not processing the transactions in good faith.

53. Plaintiff is therefore entitled to a refund of the full amounts of the unauthorized payment orders, plus interest.

**THIRD CLAIM FOR RELIEF**

**(California Business & Professions Code § 17200, et seq.)**

54. Plaintiff realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

55. Defendant engaged in unfair acts and practices with respect to its services by denying transactions alleged to be unauthorized without first conducting a reasonable inquiry; by denying transactions alleged to be unauthorized despite finding that the transactions were unauthorized; by denying transactions alleged to be unauthorized that it has no legitimate basis to conclude were authorized; by denying requests to reverse unauthorized transactions without notifying the accountholder of the accountholder's right to reproductions of all documents on which it relied in reaching its decision; and by establishing sub-standard security practices and procedures described herein.

56. The acts and practices complained of herein constitute unfair business practices because they are immoral, unethical, oppressive, unscrupulous, unconscionable, substantially injurious to the general public, and offensive to public policy.

57. Defendant's acts and practices were likely to deceive Plaintiff and the public regarding their rights.

58. Defendant failed to complete investigate the fraudulent transactions, denied transactions were fraudulent with no legitimate basis for doing so, placed the burden on Plaintiff and the general public to prove the transactions were unauthorized when the law requires the opposite, and failed to inform Plaintiff and the general public of their legal rights.

59. The business acts and practices of Defendant constitute fraudulent business practices because they are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

60. As a direct and proximate result of Defendant's acts and unfair practices, Plaintiff and the public were injured and lost money or property, including but not limited to, the harm suffered as a result of fraudulent transfers made their accounts with Defendant.

61. As a direct and proximate result of the acts and practices described herein, Defendant has received and collected substantial monies or property to which Defendant is not entitled. These illicit profits should be disgorged.

62. Defendant deals uniformly with a large volume of customers who dispute unauthorized charges. For example, Defendant's misconduct as set forth above is part of uniform policy and practice, as reflected in its standardized, boilerplate form communications. Each of Defendant's deceptive acts and practices set forth above therefore have a broad impact on consumers.

63. The harm these practices caused to Plaintiff and the general public outweigh their utility, if any.

64. Plaintiff is entitled under the UCL to enjoin these acts and practices and to obtain restitution of all funds obtained by Defendant by reason of and through the use of these unlawful

COMPLAINT - 9

1  and fraudulent acts and practices. Pursuant to the UCL, Plaintiff, individually and on behalf of all
2  members of the general public who are, have been, or may be subjected to Defendant's unlawful
3  and fraudulent business acts and practices are entitled to declaratory and preliminary and
4  permanent injunctive relief prohibiting such practices in the future, and other orders as may be
5  necessary to restore to any person in interest, any money or property, real or personal, which
6  Defendant acquired by means of such unlawful, unfair and fraudulent business practices.

7  65.  The unlawful, unfair, and fraudulent business acts and practices of Defendant
8  described herein present a continuing threat to Plaintiff and the public in that Defendant is
9  currently engaging in such acts and practices and will persist and continue to do so unless and
10 until an injunction is issued by this Court.

11 66.  In addition, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and
12 expenses incurred in bringing this action under California Code of Civil Procedure §1021.5.

### FOURTH CLAIM FOR RELIEF

### (Common Law Conversion)

15 67.  Plaintiff realleges each of the foregoing paragraphs of this Complaint as if fully
16 set forth herein.

17 68.  Plaintiff had a possessory right to the funds in the Account.

18 69.  Under the circumstances set forth herein, the funds constituted personal property.

19 70.  Coinbase intentionally and without authority assumed and exercised control over
20 Plaintiff's funds.

21 71.  Coinbase's dominion over the funds and interference with the funds—including
22 allowing the transfer of the Stolen funds out of Plaintiff's Account—was in derogation of

1 Plaintiff's rights, including but not limited to Plaintiff's right to use the funds as they saw fit and
2 have the funds returned to them.

3     72.    Plaintiff demanded that Coinbase return the funds, but it has not.

4     73.    As a result of Coinbase's actions, Plaintiff has suffered actual damages, including
5 but not limited to the amount of the funds converted.

6     **WHEREFORE**, Plaintiff respectfully prays for relief as set forth below:

7     A.    An award of actual damages, including but not limited to the amount of the
8 unauthorized charges (and all associated interest, fees and costs), and emotional distress;

9     B.    An award of statutory damages;

10     C.    An award of punitive damages;

11     D.    An award of treble damages;

12     E.    An order of restitution;

13     F.    Pre-judgment interest;

14     G.    Attorneys' fees, costs, and expenses;

15     H.    An order finding and declaring that Defendant's acts and practices as challenged
16 herein are unlawful, unfair, and fraudulent;

17     I.    Injunctive relief pursuant to California Business and Professions Code §17203,
18 prohibiting Defendant from continuing its unlawful conduct, including but not limited to
19 prohibiting Defendant from (a) denying an unauthorized transaction dispute without first
20 conducting a reasonable inquiry into the allegedly unauthorized transaction and reasonably
21 finding that the transaction was authorized; and (b) denying any request to reverse allegedly
22 unauthorized transactions without notifying the accountholder of the accountholder's right to
23 reproductions of all documents on which Defendant relied in reaching its decision; and

24

1    J.   Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED and DATED this 6th day of March, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, CSB #178181
     Beth E. Terrell, CSB #178181
     Email: bterrell@terrellmarshall.com
     Erika L. Nusser, *Pro Hac Vice Forthcoming*
     Email: enusser@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450

By: /s/ Chiharu Sekino, CSB # 306589
     Chiharu Sekino, CSB # 306589
     Email: cgsekino@millershah.com
     MILLER SHAH
     456 Montgomery Street, Suite 1900
     San Francisco, California 94104
     Telephone: (866) 540-5505
     Facsimile: (866) 300-7367

     Evan S. Rothfarb, *Pro Hac Vice Forthcoming*
     Email: erothfarb@consumerprotection.net
     Daniel A. Schlanger, *Pro Hac Vice Forthcoming*
     Email: dschlanger@consumerprotection.net
     SCHLANGER LAW GROUP, LLP
     80 Broad Street, Suite 1301
     New York, New York 10004
     Telephone: (212) 500-6114
     Facsimile: (646) 612-7996

*Attorneys for Plaintiff*

COMPLAINT - 12